948 F.2d 1284
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cordell Lavert WILSON, Defendant-Appellant.
 No. 91-5524.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 25, 1991.
Decided Nov. 21, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CR-90-78)
 William H. Klumpp, Jr., Towson, Md., for appellant.
 Richard D. Bennett, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cordell Wilson pled guilty to conspiracy to distribute cocaine (21 U.S.C. § 846 (1988)). He appeals the sentence he received, contending that the district court did not understand its authority to depart from criminal history category II to category I. A refusal to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990). However, remand is proper where the court wrongly believed it could not depart. United States v. Wilson, 896 F.2d 856, 859 (4th Cir.1990). After a careful review of the record, we affirm.
 
 
 2
 At his sentencing hearing, Wilson received a two-level reduction in offense level for acceptance of responsibility and, on the government's motion, received a four-level reduction in offense level for substantial assistance. His sentence of seventy months was the lowest point of the applicable guideline range and was below the mandatory minimum sentence which would otherwise have applied.
 
 
 3
 Wilson had a prior conviction for battery for which he received a six-month suspended sentence, a fine and a year of supervised probation. The current offense was committed within the period of probation. Wilson was correctly assigned three criminal history points under U.S.S.G. § 4A1.1, which put him in criminal history category II. At the sentencing hearing, Wilson asked the district court to place him in category I for equitable reasons, arguing that the battery was not a serious offense because it was a domestic quarrel (it involved a former girlfriend) and that he had very recently paid the fine which was imposed in 1988.
 
 
 4
 The district court explained to Wilson that the criminal history category was correctly calculated and could not be altered in the court's discretion. Wilson maintains in this appeal that the district court's remarks disclose that the court did not understand its authority to depart downward pursuant to § 4A1.3 on the ground that category II significantly overstated Wilson's criminal history. However, Wilson did not request a departure under § 4A1.3 and the district court did not address that issue. The court's words cannot be interpreted here as evidence that it did not understand its authority to depart under § 4A1.3 because that question was not before it.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.